■ ARTIE SHAW, Respondent, v. TIME-LIFE RECORDS, a Division of TIME INCORPORATED, Appellant.— Order, Supreme Court, New York County, entered on March 22, 1974, denying defendant's motion for summary judgment dismissing the complaint herein, affirmed, with $60 costs and disbursements to respondent. As indicated in the dissenting opinion of Mr. Justice Steuer, the plaintiff's primary ground of complaint is that the buying public has been beguiled into the belief that some of the record albums are truly the works of Artie Shaw and his orchestra; and that this result has been achieved by the deceptive material distributed by the defendant in promoting sales of the albums. Plaintiff's claim is not limited, as also stated in the dissent, to a contention that " the mere use of his name in connection with records makes it impossible to disabuse the public of the impression that he was the actual recorder ". Plaintiff's position is far broader than this and is based upon the content and the language used in defendant's advertisements and promotional

material. The use of plaintiff's name is only one aspect of the deception charged. While the recordings in issue consist of reconstructions of the sounds and arrangements of the great bands involved, and while the promotional material does so indicate, that material, when read in its entirety, must at this stage of these proceedings be found to be somewhat deceiving. Said material and the defendant's album and book packages are rich in pictorial display and verbiage, including statements such as the following: " Close your eyes as you listen to ' Frenesi ', in the version Artie Shaw made famous. * * * What you will hear is *not* ' like ' the great bands used to play, but the *identical arrangements* so popular more than 25 years ago ". (Defendant's italics.) Fliers distributed to the public promoting defendant's albums, state in bold print the following: " THE SWING ERA: 1940–1941. Here are the 30 great swing hits you'll hear * * * Frenesi (Artie Shaw Version) ". Letters accompanying defendant's promotional material state in part as follows: " Now here are the numbers the editors of Time-Life Records selected for the bellwether album in The Swing Era series, ' The Music of 1940–41.' SIDE ONE: * * * Frenesi (Artie Shaw Version) ". By judicious use of the word " version " rather than *arrangement* or some other similar descriptive word, defendant would have us believe that it has made clear to the buying public that that which is being sold to it is not the work of Artie Shaw. On the entire record it is clear that issues of fact are presented which cannot be summarily decided and a trial should be held. Concur — McGivern, P. J., Nunez, Lupiano and Capozzoli, JJ.; Steuer, J., dissents in the following memorandum: The defendant is issuing a record collection of tunes which had been previously recorded by various musicians including the plaintiff. Defendant's objective in the recordings was to duplicate as accurately as possible the sounds created by the various orchestras. The method employed was to have these respective pieces played by contemporary musicians and recorded by the current techniques. Plaintiff's sole viable claim is based on unfair competition. It is not seriously disputed that at this time plaintiff has no copyright in the sounds which his orchestra originated; nor that defendant is in any way precluded or prevented from doing what it did. What is complained of is that the buying public is being deceived into the belief that the records are the actual products of Artie Shaw's orchestra. The record contains defendant's advertising and promotional material and it clearly spells out what the records are and how they were produced. It is difficult to see how these facts could be more clearly stated. As I read plaintiff's proofs and arguments, his contention is that the uninformed public would buy the records in the belief that they were renditions by his orchestra no matter what was advertised. The claim is that the mere use of his name in connection with records makes it impossible to disabuse the public of the impression that he was the actual recorder. There can be little real dispute that defendant had the right to say — what is the fact — that these records are recordings of tunes in the way that Artie Shaw played them (*Miller* v. *Universal Pictures Co.,* 11 A D 2d 47, affd. 10 N Y 2d 972). Having made it as clear as language permits, the assumption that the public will not appreciate it should entail no consequence, even if in some instances true. Summary judgment should be granted to defendant.